**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | |
|---|---|
| WARREN JONES, LOREN MASALSKI, AND KATHRYN SHEAR, on behalf of themselves and others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SPINS, LLC | ) ) |
| Defendant. | ) |

## COMPLAINT

1. Plaintiffs Warren Jones, Loren Masalski, and Kathryn Shear (collectively "Plaintiffs"), on behalf of themselves and all other similarly situated individuals, file this Complaint against Defendant SPINS, LLC ("SPINS" or "Defendant") because Defendant failed to properly pay wages to Plaintiffs and other similarly situated individuals.

2. Plaintiffs' claims are pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105 *et. seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115 *et. seq.*, the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), and the Illinois Equal Pay Act ("IEPA"), 820 ILCS 112 *et. seq.*

3. Defendant has routinely failed to pay its employees over time wages when its employees work more than forty hours per week. Defendant's refusal to pay overtime is a violation of FLSA, the IMWL, and the IWPCA.

4. In addition, Defendant pays male employees more money than its female employees for comparable work, even though the male employees have less experience. Defendant's refusal to pay equal wages violates the EPA and the IEPA.

1

## THE PARTIES

5. Defendant is a data company in the natural products industry. It receives sales data about products, and then classifies the products as to whether or not the products are organic, vegan, or gluten free. Defendant then sells reports to manufactures to help the manufacturers make business decisions regarding their products.

6. Defendant conducts business and hires employees in Illinois.

7. Defendant's principal office location in Illinois is 222 West Hubbard Street, Suite # 300, Chicago, IL 60654.

8. Mr. Jones has worked as an employee for Defendant since 1999. He currently works remotely for Defendant's office in Illinois.

9. Mr. Jones currently resides in Oregon.

10. Ms. Masalski has worked as an employee for Defendant in Illinois since September 2014.

11. Ms. Masalski resides in Illinois.

12. Ms. Shear has worked as an employee for Defendant in Illinois since January 2014.

13. Ms. Shear resides in Illinois.

14. The similarly situated employees are individuals that Defendant employees or previously employed who were responsible for providing services for Defendant.

15. At all relevant times for this Complaint, Plaintiffs were Defendant's "employees" and Defendant was Plaintiffs' employer under FLSA, the IMWL, the IWPCA, the EPA, and the IEPA.

16. Defendant is an "enterprise" under FLSA, is engaged in commerce or the production of goods.

17. Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action pursuant to Section 216(b) of the FLSA and 28 U.S.C. § 1331.

19. Supplemental jurisdiction over the Illinois statutory claims alleged in the Complaint is conferred on this Court by 28 U.S.C. § 1367(a).

20. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 as Defendant's principal office is located in this District.

## FACTUAL BACKGROUND

21. Mr. Jones is helps maintain a database of natural, organic and gourmet products for Defendant.

22. Mr. Jones has worked for Defendant since 1999.

23. Mr. Jones does not have the ability to hire or fire any employees.

24. Mr. Jones does not have advanced knowledge in a field of science or learning.

25. Mr. Jones receives an annual salary of $72,000.

26. Mr. Jones is not an exempt employee and must receive overtime pay for all hours worked that exceed forty hours in a work week.

27. Ms. Masalski conducts research for natural products and helps categorize the data related to various products.

28. Ms. Masalski has worked for Defendant since September 2014.

29. Ms. Masalski does not have the ability to hire or fire any employees.

30. Ms. Masalski does not have advanced knowledge in a field of science or learning.

31. Between September 2014 and October 2016, Ms. Masalski was a salaried employee who made between $36,000 and $40,000 per year. She received periodic raises during this period.

32. Beginning in October 2016, Defendant began to pay Ms. Masalski an hourly wage of $20.00 per hour.

33. Ms. Masalski is not an exempt employee and must receive overtime pay for all hours worked that exceed forty hours in a work week.

34. Ms. Shear conducts research for Defendant.

35. Ms. Shear has worked for Defendant since January 2014.

36. Ms. Shear does not have the ability to hire or fire any employees.

37. Ms. Shear does not have advanced knowledge in a field of science or learning.

38. Ms. Shear's salary has ranged from $35,000 to $47,500 during the course of her employment with Defendant. She has received periodic raises during this period.

39. Ms. Shear is not an exempt employee and must receive overtime pay for all hours worked that exceed forty hours in a work week.

40. Plaintiffs and other similarly situated individuals routinely work more than forty hours per each work each over the past three years.

41. On average over the course of the calendar year, Plaintiffs and other similarly situated individuals each worked approximately 155 hours of overtime per year.

42. Defendant has not paid Plaintiffs and other similarly situated individuals additional money for the overtime they have worked.

43. Defendant is aware Plaintiffs and other similarly situated individuals work more than forty hours in a work week.

44. Plaintiffs and other similarly situated individuals communicate with supervisors and send emails to supervisors when working more than forty hours in a work week.

45. Defendant uses a project tracking system to track certain hours worked by an employee for a certain client. Defendant does not allow its employees to use this tracking system to track all hours worked, but only hours worked for specific projects. Even though this system does not track all hours an employee has worked, upon information and belief, this tracking system will occasionally indicate that an employee has worked more than forty hours in a work week.

46. Under FLSA, Plaintiffs and other similarly situated individuals are entitled to receive one and one half times their regular rate of pay for all hours worked in excess of forty hours in a week.

47. Under the IMWL, Plaintiffs and other similarly situated individuals are entitled to receive one and one half times their regular rate of pay for all hours worked in excess of forty hours in a week.

48. Plaintiffs file their FLSA claim as a collective action. Plaintiffs' consent form is attached as Exhibit A.

49. Plaintiffs file their IMWL and IWPCA claims as a class action under Federal Rule of Civil Procedure 23.

50. Ms. Masalski and Ms. Shear bring the EPA and IEPA claims as a class action under Federal Rule of Civil Procedure 23.

51. Two of Ms. Masalski's and Ms. Shear's male co-workers make more money, even though these male co-workers have less experience and have similar job duties.

## **COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT**
(Collective Action)

52. Plaintiffs re-allege and incorporate paragraphs 1-51 as if re-alleged here.

53. Defendant was Plaintiffs' and other similarly situated individuals' employer during the relevant time period.

54. Plaintiffs and other similarly situated individuals were employees under FLSA and were not exempt.

55. Plaintiffs and other similarly situated individuals did not have the ability to hire or fire any employees.

56. Plaintiffs and other similarly situated individuals did not have advanced knowledge in a field of science or learning.

57. Defendant did not pay Plaintiffs and other similarly situated individuals overtime for any hours Plaintiffs and other similarly situated individuals worked over forty hours in a given week.

58. Defendant knew, or should have known, Plaintiffs and other similarly situated individuals were working more than forty hours in a given week.

59. Based on the foregoing, Defendant violated the FLSA.

60. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and other similarly situated individuals have suffered and will continue to suffer lost wages and other damages.

61. Defendant knew that Plaintiffs and other similarly situated individuals were working more than forty hours per week, yet failed to pay Plaintiffs and other similarly situated individuals any overtime.

62. Defendant willfully violated the FLSA by failing to pay Plaintiffs and other similarly situated individuals overtime wages for the time that they worked in excess of forty hours per week.

63. Under FLSA, Plaintiffs and other similarly situated individuals are entitled to their unpaid wages, liquidated damages, and reasonably attorneys' fees and court costs.

## **PRAYER FOR RELIEF**

64. WHEREFORE Plaintiffs and other similarly situated individuals pray for judgment in their favor and against Defendant, and for the following relief:

A. That a finding be entered that Defendant violated the FLSA;

B. That Plaintiffs and other similarly situated individuals be awarded damages in an amount equal to the unpaid overtime compensation due to them for each hour they worked in excess of forty in any given week, but for which Defendant failed to pay them at a rate equal to or greater than one-half times the regular rate at which they were employed;

C. That Plaintiffs and other similarly situated individuals be awarded statutory liquidated damages in an amount equal to the actual damages, as allowed by the FLSA;

D. That Plaintiffs and other similarly situated individuals be awarded interest on all amounts awarded;

E. That Plaintiffs and other similarly situated individuals be awarded their costs of bringing this action, including reasonable attorneys' fees and all costs and expenses of suit; and

F. That Plaintiffs and other similarly situated individuals be awarded any other and further relief as this Honorable Court deems necessary to effectuate the purpose of the FLSA.

## COUNT II –VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
(Class Action)

65. Plaintiffs re-allege and incorporates paragraphs 1-64 as if re-alleged here.

66. Defendant was Plaintiffs' and other similarly situated individuals' employer during the relevant time period.

67. Plaintiffs and other similarly situated individuals did not have the ability to hire or fire any employees.

68. Plaintiffs and other similarly situated individuals did not have advanced knowledge in a field of science or learning.

69. Defendant knew, or should have known, Plaintiffs and other similarly situated individuals were working more than forty hours in a given week.

70. Defendant failed to pay Plaintiffs and other similarly situated individuals for certain overtime hours in excess of forty hours in a given workweek at a rate equal to or greater than one-half times the regular rate at which she was employed. *See* 820 ILCS § 105/4(a).

71. Based on the foregoing, Defendant violated the IMWL.

72. Defendant's violation of the IMWL was willful in that Defendant was aware, or should have been aware, of its obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

73. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and other similarly situated individuals have suffered and will continue to suffer lost wages and other damages.

74. This Count is brought under Rule 23 because other persons are similarly situated to Plaintiffs and they are so numerous that joinder of all members is impracticable.

75. Plaintiffs and other similarly situated individuals are equally impacted by Defendant's violation of the overtime law, and the relief sought is for the benefit of the individual Plaintiffs and the class Plaintiffs seek to represent.

76. The issues involved in this lawsuit present common questions of law and fact.

77. The common questions of law and fact predominate over the variations which may exist between members of the classes, if any.

78. Plaintiffs and other similarly situated individuals and Defendant all have a commonality of interest in the subject matter and remedies sought.

79. The violation Plaintiffs allege is the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

80. Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class.

81. Plaintiffs' counsel is experienced in the prosecution of wage and hour class actions.

82. If individual actions were required to be brought by each of the similarly-situated individuals impacted, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well to the Defendant.

83. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of common fund to which the class is entitled.

84. Under the IMWL, Plaintiffs and other similarly situated individuals are entitled to their unpaid wages for three years, monthly damages for the underpayments, and reasonably attorneys' fees and court costs.

**PRAYER FOR RELIEF**

85. WHEREFORE Plaintiffs and other similarly situated individuals pray for judgment in their favor and against Defendant, and for the following relief:

A. That a finding be entered that Defendant violated the IMWL;

B. That Plaintiffs and other similarly situated individuals be awarded damages in an amount equal to the unpaid overtime compensation due to them for each hour they worked in excess of forty in any given week, but for which Defendant failed to pay them at a rate equal or greater than one-half times the regular rate at which Plaintiffs and other similarly situated individuals were employed;

C. That Plaintiffs and other similarly situated individuals be awarded statutory damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

D. That Plaintiffs and other similarly situated individuals be awarded interest on all amounts awarded;

E. That Plaintiffs and other similarly situated individuals be awarded their costs of maintaining this action, including reasonable attorneys' fees, together with all costs and expenses of suit; and

F. That Plaintiffs and other similarly situated individuals be awarded such other and further relief as this Court deems necessary to effectuate the purpose of the IMWL.

# COUNT III – VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
(Class Action)

86. Plaintiffs adopt and re-allege paragraphs 1-85 as if fully alleged here.

87. At all relevant times for this Complaint, the IWPCA was in effect.

88. Defendant was Plaintiffs' and other similarly situated individuals' employer during the relevant time period.

89. Section 3 of the IWPCA provides that Defendant must pay Plaintiffs and other similarly situated individuals their wages at least semi-monthly: "Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." *See* 820 ILCS § 115/3.

90. Thus, Plaintiffs and other similarly situated individuals were entitled to receive compensation for all of the overtime hours they worked.

91. However, Defendant failed to pay Plaintiffs and other similarly situated individuals their earned compensation, due and owning.

92. Based on the forgoing, Defendant violated the IWPCA.

93. This Count is brought under Rule 23 because other persons are similarly situated to Plaintiffs and they are so numerous that joinder of all members is impracticable.

94. Plaintiffs and other similarly situated individuals are equally impacted by Defendant's violation of the overtime law, and the relief sought is for the benefit of the individual Plaintiffs and the class Plaintiffs seek to represent.

95. The issues involved in this lawsuit present common questions of law and fact.

96. The common questions of law and fact predominate over the variations which may exist between members of the classes, if any.

97. Plaintiffs and other similarly situated individuals and Defendant all have a commonality of interest in the subject matter and remedies sought.

98. The violation Plaintiffs allege is the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

99. Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class.

100. Plaintiffs' counsel is experienced in the prosecution of wage and hour class actions.

101. If individual actions were required to be brought by each of the similarly-situated individuals impacted, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well to the Defendant.

102. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of common fund to which the class is entitled.

103. Because Plaintiffs and other similarly situated individuals have been forced to take legal action to receive their wages, Plaintiffs and other similarly situated individuals are now entitled to receive their unpaid wages, along with attorneys' fees and costs and 2% interest each month for any late payments. *See* 820 ILCS § 115/14(a).

104. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and other similarly situated individuals have suffered and will continue to suffer lost wages and other damages.

**PRAYER FOR RELIEF**

105. WHEREFORE Plaintiffs and other similarly situated individuals prays for judgment in their favor and against Defendant, and for the following relief:

A. That a finding be entered that Defendant violated the IWPCA;

B. That Plaintiffs and other similarly situated individuals be awarded damages in an amount equal to the unpaid compensation due and owing;

C. That Plaintiffs and other similarly situated individuals be awarded statutory damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

D. That Plaintiffs and other similarly situated individuals be awarded interest on all amounts awarded;

E. That Plaintiffs and other similarly situated individuals be awarded their costs of maintaining this action, including reasonable attorneys' fees, together with all costs and expenses of suit; and

F. That Plaintiffs and other similarly situated individuals be awarded such other and further relief as this Court deems necessary to effectuate the purpose of the IWCPA.

**COUNT IV – VIOLATION OF THE EQUAL PAY ACT**
(Plaintiffs Masalski and Shear against Defendant)
(Class Action)

106. Ms. Masalski and Ms. Shear re-allege and incorporate paragraphs 1-105 as if re-alleged here.

107. Defendant was Ms. Masalski's, Ms. Shear's, and other similarly situated individuals' employer during the relevant time period.

108. Ms. Masalski, Ms. Shear, and other similarly situated individuals were paid significantly less than male colleagues who performed similar work but had less experience.

109. Upon information and belief, between approximately 2014 and 2017, the male co-workers made several thousands of dollars per year more than Ms. Masalski, Ms. Shear, and other similarly situated individuals despite having similar work duties as Ms. Masalski and Ms. Shear.

110. Upon information and belief, at Defendant, employees' salaries are not based on any formula, merit system, or seniority system.

111. This Count is brought under Rule 23 because other persons are similarly situated to Plaintiffs and they are so numerous that joinder of all members is impracticable.

112. Plaintiffs and other similarly situated individuals are equally impacted by Defendant's violation of the law, and the relief sought is for the benefit of the individual Plaintiffs and the class Plaintiffs seek to represent.

113. The issues involved in this lawsuit present common questions of law and fact.

114. The common questions of law and fact predominate over the variations which may exist between members of the classes, if any.

115. Plaintiffs and other similarly situated individuals and Defendant all have a commonality of interest in the subject matter and remedies sought.

116. The violation Plaintiffs allege is the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

117. Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class.

118. Plaintiffs' counsel is experienced in the prosecution of employee class actions.

119. If individual actions were required to be brought by each of the similarly-situated individuals impacted, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well to the Defendant.

120. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of common fund to which the class is entitled.

### **PRAYER FOR RELIEF**

121. WHEREFORE Plaintiffs Ms. Masalski, Ms. Shear, and other similarly situated individuals pray for judgment in their favor and against Defendant, and for the following relief:

A. That a finding be entered that Defendant violated the Equal Pay Act;

B. That Ms. Masalski, Ms. Shear, and other similarly situated individuals be awarded damages for the underpayments they received;

C. That Ms. Masalski, Ms. Shear, and other similarly situated individuals be awarded interest on all amounts awarded;

D. That Ms. Masalski, Ms. Shear, and other similarly situated individuals be awarded their costs of bringing this action, including reasonable attorneys' fees and all costs and expenses of suit; and

E. That Ms. Masalski, Ms. Shear, and other similarly situated individuals be awarded any other and further relief as this Honorable Court deems necessary to effectuate the purpose of the Equal Pay Act.

## COUNT V – VIOLATION OF THE ILLINOIS EQUAL PAY ACT
(Plaintiffs Masalski and Shear against Defendant)
(Class Action)

122. Ms. Masalski and Ms. Shear re-allege and incorporate paragraphs 1-121 as if re-alleged here.

123. Defendant was Ms. Masalski's, Ms. Shear's, and other similarly situated individuals' employer during the relevant time period.

124. Ms. Masalski, Ms. Shear, and other similarly situated individuals were paid significantly less than male colleagues who performed similar work but had less experience.

125. Upon information and belief, between approximately 2014 and 2017, the male co-workers made several thousands of dollars per year more than Ms. Masalski, Ms. Shear, and other similarly situated individuals despite having similar work duties as Ms. Masalski, Ms. Shear, and other similarly situated individuals.

126. Upon information and belief, at Defendant, employees' salaries are not based on any formula, merit system, or seniority system.

127. This Count is brought under Rule 23 because other persons are similarly situated to Plaintiffs and they are so numerous that joinder of all members is impracticable.

128. Plaintiffs and other similarly situated individuals are equally impacted by Defendant's violation of the law, and the relief sought is for the benefit of the individual Plaintiffs and the class Plaintiffs seek to represent.

129. The issues involved in this lawsuit present common questions of law and fact.

130. The common questions of law and fact predominate over the variations which may exist between members of the classes, if any.

131. Plaintiffs and other similarly situated individuals and Defendant all have a commonality of interest in the subject matter and remedies sought.

132. The violation Plaintiffs allege is the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

133. Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class.

134. Plaintiffs' counsel is experienced in the prosecution of employee class actions.

135. If individual actions were required to be brought by each of the similarly-situated individuals impacted, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well to the Defendant.

136. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of common fund to which the class is entitled.

137. Ms. Masalski, Ms. Shear, and other similarly situated individuals should be awarded their underpayment, interest, reasonable attorneys' fees and court costs to make them whole. *See* 820 ILCS 112/30.

## PRAYER FOR RELIEF

138. WHEREFORE Plaintiffs Ms. Masalski, Ms. Shear, and other similarly situated individuals prays for judgment in her favor and against Defendants, and for the following relief:

A. That a finding be entered that Defendant violated the Illinois Equal Pay Act;

B. That Ms. Masalski, Ms. Shear, and other similarly situated individuals be awarded damages for the underpayments they received;

C. That Ms. Masalski, Ms. Shear, and other similarly situated individuals be awarded interest on all amounts awarded;

D. That Ms. Masalski, Ms. Shear, and other similarly situated individuals be awarded their costs of bringing this action, including reasonable attorneys' fees and all costs and expenses of suit; and

E. That Ms. Masalski, Ms. Shear, and other similarly situated individuals be awarded any other and further relief as this Honorable Court deems necessary to effectuate the purpose of the Illinois Equal Pay Act.


Dated: March 9, 2017

Respectfully submitted,

By: /s/ Kristen Prinz
One of the Plaintiffs' Attorneys


The Prinz Law Firm, P.C.
Kristen E. Prinz (kprinz@prinz-lawfirm.com)
Amit Bindra (abindra@prinz-lawfirm.com)
1 East Wacker Drive, Suite 550
Chicago, IL 60601
P: (312) 212-4450
F: (312) 284-4822